SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (BAR #263326)
JOE B. ANGELO (BAR #268542)
SCOTT M. JOHNSON (BAR #287182)
**SAGARIA LAW, P.C.**
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| FRANCO DIVITTORIO, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES: |
| v. | 1. Violation of Fair Credit Reporting Act; |
| Experian Information Solutions, Inc.; Equifax, Inc.; JPMorgan Chase Bank and DOES 1 through 100 inclusive, | 2. Violation of California Consumer Credit Reporting Agencies Act |
| Defendants. | |

COMES NOW Plaintiff FRANCO DIVITTORIO, an individual, based on information and belief, to allege as follows:

### INTRODUCTION

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a). Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 13 bankruptcy.

### JURISDICTION & VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and

1   every paragraph above, fully set forth herein.

2   3.   This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. §

3   1681

4   4.   This venue is proper pursuant to 28 U.S.C. §1391(b).

5   **GENERAL ALLEGATIONS**

6   5.   Plaintiff filed for Chapter 13 bankruptcy protection on January 25, 2013 in order to

7   reorganize and repair Plaintiff's credit.  Plaintiff's Chapter 13 plan of financial reorganization

8   was confirmed on March 29, 2013, implicating the conditions found under 11 U.S.C. §1327.

9   6.   On June 10, 2015 Plaintiff ordered a three bureau report from Equifax, Inc. to ensure

10  proper reporting by Plaintiff's creditors.

11  7.   Plaintiff noticed several tradelines all reporting misleading and inaccurate account

12  information.

13  8.   Defendant JPMorgan Chase Bank was reporting Plaintiff's account, beginning in

14  5401, as in collections and charged off, despite a Bankruptcy Court Ordered treatment of its

15  claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

16  9.   In response to the perceived inaccuracies on Plaintiff's credit report, Plaintiff disputed

17  the inaccurate tradelines via certified mail with Experian Information Solutions, Inc.; Equifax,

18  Inc.; and TransUnion, LLC.

19  10.  Plaintiff is informed and believes that each credit reporting agency sent each

20  Defendant notification that plaintiff was disputing the accuracy of what it was reporting to

21  them.

22  11.  Defendant JPMorgan Chase Bank failed to conduct a reasonable investigation and

23  continued to report falsely to Experian Information Solutions, Inc. and Equifax, Inc.

24  misleading and inaccurate account information as identified above in Paragraph 8.

25  12.  Alternatively, Experian Information Solutions, Inc. failed to perform its own

26  reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff

27  disputed the information.  After the statutory time period passed for Experian Information

28

Solutions, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

13.   Alternatively, Equifax, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for Equifax, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

14.   On April 20, 2016 Plaintiff ordered a second three bureau report from Experian Information Solutions, Inc. to ensure the accounts that were in dispute were being properly reported.

15.   Plaintiff's accounts were disputed but the Defendant; Experian Information Solutions, Inc. and Equifax, Inc. failed to correct the misleading and inaccurate statements on the account within the statutory time frame or, alternatively, at all.

16.   The credit bureaus have an obligation to delete the tradeline when a response is not received by the furnisher within the statutory time frame.

17.   The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

18.   The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

**FIRST CAUSE OF ACTION**
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Experian Information Solutions, Inc. and Equifax, Inc.- Failure to Reinvestigate Disputed Information.**

19.   Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

20.   After Plaintiff disputed the accounts mentioned above, Defendants Experian Information Solutions, Inc. and Equifax, Inc. were required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, Defendants were required to send all

relevant information to the furnishers which they did not do.  Defendants failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

**JPMorgan Chase Bank– Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc. and Equifax, Inc. and Failure to Reinvestigate.**

21. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

22. 15 USC 1681s-2(b) prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

23. Defendant JPMorgan Chase Bank violated section 1681s-2(b) by failing to conduct a reasonable investigation and re-reporting misleading and inaccurate account information regarding Plaintiff's accounts.  Defendants Experian Information Solutions, Inc. and Equifax, Inc. provided notice to the defendant that Plaintiff was disputing the inaccurate and misleading information but the Defendant failed to conduct a reasonable investigation of the information as required by the FCRA.

24. Specifically, Defendant JPMorgan Chase Bank (Account # 5401xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 13 filing and confirmation, that the account was in collections and charged off, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

**SECOND CAUSE OF ACTION**
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**JPMorgan Chase Bank – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc. and Equifax, Inc.**

25. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

26.  Defendant JPMorgan Chase Bank intentionally and knowingly reported misleading

and inaccurate account information to Experian Information Solutions, Inc. and Equifax, Inc.

27.  Plaintiff alleges that Defendant re-reported misleading and inaccurate account information, as stated in paragraphs 8 and 25 to Experian Information Solutions, Inc. and Equifax, Inc. in violation of California Civil Code § 1785.25(a).

28.  Plaintiff also alleges that Defendants had reason to know that the information reported on Plaintiff's accounts were misleading and inaccurate.

29.  Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation should have provided notice to Defendants of its misleading and inaccurate reporting.

30.  Defendant failed to notify Experian Information Solutions, Inc. and Equifax, Inc. that the information Defendants re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

31.  Defendants' communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

32.  As a direct and proximate result of Defendants' willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 13, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

33.  Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a.  For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

b.  Award  statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

c.  Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

d.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

e. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and

f. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;

Dated: June 15, 2016                    By:          **SAGARIA LAW, P.C.**
                                                     */s/ Elliot Gale, Esq.*
                                                     Scott Sagaria, Esq.
                                                     Elliot Gale, Esq.
                                                     Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

Dated: June 15, 2016                                 **SAGARIA LAW, P.C.**
                                                     */s/ Elliot Gale, Esq.*
                                                     Scott Sagaria, Esq.
                                                     Elliot Gale, Esq.
                                                     Attorneys for Plaintiff